

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 30, 1957

Hon. John Osorio, Chairman
Board of Insurance Commissioners
International Life Building
Austin, Texas

Opinion No. WW-12

Re: Whether the Board of Insurance
Commissioners may authorize
the use of the "Homeowners
Policy" in the State of Texas by
following the procedures used
in authorizing the sale of the
"Comprehensive Dwelling Poli-
cy."

Dear Sir:

You have requested our opinion as to whether the Board
of Insurance Commissioners may authorize the use of the "Homeowners
Policy" within this State by following the procedures used in authorizing
the sale of the "Comprehensive Dwelling Policy", commonly referred to
as CDP.

The CDP form approved by the Board is a single contract
which includes coverage for perils defined and regulated by Articles 5.25
through 5.52 (Fire Insurance and Allied Lines) of the Texas Insurance
Code, and also includes certain perils defined and regulated by Articles
5.53 (Inland Marine Insurance) and 5.13 through 5.24 (Casualty Insurance).
Thus the CDP form is considered to be a combination "package" cover-
age of fire, inland marine, and casualty insurance. The procedures ap-
plicable to the promulgation and filing of forms and rates for these sep-
arate respective coverages have been followed by the Board in adopting
and authorizing the use of the CDP. In other words, the CDP was devel-
oped and authorized through the Board's promulgation of the portions of
the contract applicable to fire insurance, and the Board's simultaneous
acceptance of the filings covering those portions of the contract applica-
ble to casualty insurance and inland marine insurance. While the fire,
casualty, and inland marine coverages are combined in one contract un-
der the CDP, there is a separate charge for each type of coverage, and
the rate attributable to that coverage is set forth on the face of the policy.
The total of these separate charges is then collected as the premium.

You have indicated that the Homeowners Policy does not differ in any of its essential elements or coverages from the CDP. It, too, will insure certain fire, inland marine, and casualty risks in one contract. However, the Homeowners Policy will evidence on its face a single, indivisible premium for all of the coverages of the policy, while the CDP, as stated above, specifies the amount of the premium that is attributable to the fire, casualty, and inland marine risks separately. You have further indicated that if authorized to do so by the Board the companies issuing the Homeowners Policy can and will arrive at the single indivisible premium to be charged for the policy by combining the separate rates which have been promulgated by and filed with the Board for the separate coverages, just as in the case of the CDP. You have also informed us that the companies that write the Homeowners Policy will experience no difficulty in filing with the Board the information necessary for the Board to continue to compile and tabulate loss experience so that it may promulgate and fix rates and policy forms on the separate coverages.

As we understand your request, you are not asking us whether the Board may adopt and authorize the use of the Homeowners Policy by promulgating and fixing a single indivisible premium to be charged therefor, but whether the Board may authorize the use of the Homeowners Policy and the ultimate premium to be charged therefor by following the same method as was used in determining the premium to be charged for the CDP.

After a search of the applicable insurance statutes, and in view of the foregoing, we can find nothing that would make a distinction between the CDP and the Homeowners Policy. The Board has very broad and extensive authority under the insurance statutes to promulgate and fix rates and policy forms in the fields of fire, casualty, and inland marine insurance. (Articles 5.13-5.24, 5.25-5.52, and 5.53). Under this authority it has approved the use of the CDP by establishing the form and ultimate premium to be charged therefor by following the procedures applicable to the respective coverages of the policy, and then authorizing these separate coverages to be combined in a single contract. The mere fact that the Homeowners Policy carries on its face only a single, indivisible premium would not, in itself, exclude it from the same authority of or procedure and treatment by the Board as was resorted to in promulgating the CDP. The single indivisible premium could be arrived at by the procedures applicable to the respective coverages under the policy just as was done in adopting and authorizing the CDP.

If the Board had authority to approve the Comprehensive Dwelling Policy, it has the authority to authorize the use of the Homeowners Policy. The policies do not differ in essential elements, and the ultimate premium to be charged for each may be arrived at in the same manner.

## SUMMARY

The Board of Insurance Commissioners has authorized
the use of the Comprehensive Dwelling Policy by follow-
ing the procedures applicable to the promulgation and
filing of forms and rates for the separate coverages of
fire, inland marine, and casualty insurance. There is
nothing in the Insurance Code of Texas that would pre-
vent the Board from approving the use of the Home-
owners Policy by following the same method as was
used in approving the Comprehensive Dwelling Policy.

Very truly yours,

WILL WILSON
Attorney General

By
Will D. Davis
Assistant

WDD:cm

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman